# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RUBEN ANDERSON #214230**                          **CIVIL ACTION**

**versus**                                          **NO. 06-2027**

**LYNN A. COOPER (WARDEN)**                          **SECTION: "A" (1)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the

---

[1]  Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Ruben Anderson, is a state prisoner incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana.  He states in his petition that, on March 9, 2004, he was convicted of manslaughter in violation of state law and was sentenced to a term of thirty years imprisonment.[2]  On March 30, 2005, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction.[3]  He then filed with the Louisiana Supreme Court an application for supervisory and/or remedial writs which was denied on March 10, 2006.[4]

On April 5, 2006, petitioner filed this federal application for *habeas corpus* relief.[5]  The state's response in this proceeding is not yet due.[6]  However, on July 5, 2006, petitioner filed a motion asking that this Court dismiss his federal petition.[7]

In his motion, petitioner indicates that his federal application is a mixed petition containing both exhausted and unexhausted claims.  He further correctly notes that federal courts are normally to dismiss such mixed petitions without prejudice.  Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998).  He seeks such a dismissal so that he may return to state court to exhaust

---

[2] Rec. Doc. 1.

[3] State v. Anderson, 897 So.2d 920 (La. App 4th Cir. 2005).

[4] State *ex rel.* Anderson v. State, 925 So.2d 501 (La. 2006).

[5] Rec. Doc. 1.

[6] See Rec. Doc. 3.

[7] Rec. Doc. 8.

his unexhausted claims[8] and then return to this Court to file a new, properly filed petition asserting all of his claims.[9]

This Court finds that petitioner's request is a reasonable one and that the state would suffer no prejudice if petitioner's motion is granted.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that petitioner's motion to dismiss his federal *habeas corpus* petition be **GRANTED** and that his petition be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[8] Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner must normally first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

[9] As petitioner acknowledges in his motion, if the instant petition is dismissed without prejudice, he will receive no federal tolling credit for the petition. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Accordingly, petitioner must take care to ensure that any subsequent federal application is timely filed. This Court has insufficient information before it to determine whether a subsequent application would in fact be considered timely and therefore expresses no opinion on that issue.

a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en

banc).

New Orleans, Louisiana, this thirteenth day of July, 2006.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

**CLERK TO NOTIFY PETITIONER**
**AND THE ORLEANS PARISH**
**DISTRICT ATTORNEY**